15,251-19

Relator Application Of Inability To
Pay Court Costs.

I have no money or property of any kind And I ask to the allow me to proceed without cost to file my writ of mandamus. And I swear under penalty of perjury that my statement are true and correct to the best of my knowledge.

Jimmy Lee Sweed
Relator Pro Se

December 7, 2015

This document contains some pages that are of poor quality at the time of imaging.

Original Copy

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 09 2015

Abel Acosta. Clerk

page 1 of 1

December 7, 2015.

Jimmy Lee Sweed
Travis State Jail
8101 Fm 969
Austin, Texas, 78724

Clerk
Court of Criminal Appeals of Texas
Supreme Court Bldg.
201 W. 14th St. 78701, P.O. Box 12308
Austin, Texas, 78711

Original Copy

RE: Appeal no. _____
TC no. 20140502846

Dear Clerk

Dear Enclosed please find the Original copy of Relator first petition for Writ of Mandamus to be filed in the Court of Criminal Appeals of Texas in the above reference trial number that is before the Court in the form of a Writ of Habeas Corpus under Article 11.07 of the Vernon's Annotated Texas Code of Criminal Procedure that was or should had been filed in this court back in the month of July, 2015 from the trial. In the Mandamus Writ, Relator inform the court as to how it could construe the Mandamus Writ. See page 4 at Volume 16-29 and on pages 5 through 6 of the Mandamus Writ. Also Enclosed is a true and correct copy of Relator letter to the trial Judge Honorable Bonnie Rangel. By copy of this letter, Relator is forwarding a true and correct copy of the same to the Attorney General of Texas except a copy of the letter to the trial Judge.

Thank you Sincerely

Also Enclosed is the Original copy of Relator Application to proceed in forma pauperis if necessary

Respectfully Submitted
Jimmy Lee Sweed
Relator Pro Se

# In The Court Of Criminal Appeals Of Texas

Jimmy Lee Sweed - Relator

vs.

Honorable Bonnie Rangel
Judge, 171st District Court Of
El Paso County, Texas - Respondent

Original Copy

~~AD.~~ Appeal no. _____

TC no. 2014DD02846

## Relator First Petition For Writ Of Mandamus

To the Honorable Judge Of Said Court:

Comes now Jimmy Lee Sweed - Relator And move the court to issue the writ of mandamus against Respondent for ~~Abuse A law~~ abusing her discretion by failure to analyze or apply the law of subdivision (1) (4)(5) And (6) of Section 13(h) of Article 42.12 of the Vernon's Annotated Texas Code of Criminal Procedure (2011 Edition) resulted in denying Relator procedural due process, due process ~~And~~ of law And equal protection of the law proximately cause of Relator being restrained And deprived of his liberty by confinement in a State jail facility own by the State of Texas in violation of the 14th Amendment to the United States Constitution And as such Relator would respectfully show the court following:

### I.

It has been established in fact of law that a State creates liberty interest through words such as "Shall" used in its state laws And Regulations And that such word "Shall" has been considered And held to be a mandatory language. See Board of Pardon vs. Allen, 107 S.Ct. 2415 At 2420 - 2421 (1987), Kentucky Dept. Corr. vs.

page 1 of 7

Thompson, 109 S. ct. 1904 (1989). In dozens of cases the court have held the word "~~May~~" "May" to be synonymous with "shall" or "must" in an effort to effectuate legislative intent. See Black Law Dictionary (9th Edition) page 1068 at "May". Also see Code of Judicial Conduct Canon 8 at Terminology (3) of ~~the~~ "May" providing that "May" denotes permissible discretion or, depending on the context, refers to action that is not covered by ~~proscri~~ proscription. Id. In the case at bar, Respondent actions to the ~~refer~~ subject matter is clearly covered by ~~proscription and actions of awarding diligent participation credit is mandatory when the designated findings or finding are made proscription and her actions of awarding diligent participation credit is mandatory proscription and her of awarding diligent particip~~ proscription and her actions of awarding diligent participation credit is mandatory when the designated finding or findings are made provided by subdivision (4)(5) and (6) of section 15(h) ~~of~~ of Article 42.12 of the Vernon's Annotated Texas Code of Criminal Procedure ~~see and compare~~ re and the court should find the same and order that the word "May" used in subdivision (6) is synonymous with "shall" ~~as~~ as being used in other subdivision, subdivision (2)(B), Id. Also see and compare Board of Pardon v.s. Allen, 107 S.ct. 2415 at 2420-2421 (1987) (holding the relevant statute used mandatory language (shall) to create a presumption that parole release will be granted when the designated finding are made). But Respondent fail to analyze or apply

Subdivision (4) and (b), Id., correctly which should constitute abuse of discretion, In Re EL PASO Health-care System, 969 S.W.2d 68 (Tex. App. EL Paso 1998), which is proximately cause of Relator being restrained and deprived of his liberty by confinement as stated on page 1 in the introduction of this writ because if the Respondent had of analyze or apply subdivision (4) and (b), Id. correctly and awarded Relator his entitlement of one fifth time credit toward his 20 months sentence for diligent participating in a legal educational program on his own since the Texas Department of Criminal Justice around about the year of 1993 interrupted with offender's such as Relator house in the prison administration Segregation housing area opportunity to participate in educational program provided by the prison Windham School District thats outside the control of the Relator in compliance with subdivision (4)(B), Id., Relator discharge (Release) date would had November 20, 2015 instead of March 8, 2016 because there was disciplinary action filed against Relator in the month of December, 2014 than he was not entitle to be awarded the diligent participation credit for that month only in compliance with subdivision (b), Id., which means that 12 days would be substracted from the one fifth time credit toward his 20 months sentence which would put his release date at November 20, 2015 as stated above at volume 19-20.

Therefore, base on the above record evidence

Allegations And Authorities Relator move the to issue the writ of mandamus Against Respondent After finding she has Abuse her discretion by failure to Analyze or Apply ~~to~~ the law of Article 42.12, Section 15(h), Subdivision ~~(4)(5) And (6)~~ (4)(B)(5) And (6) of the Vernon's Annotated Texas Code of Criminal Procedure (2011 edition And that Relator is entitled to be Awarded the said one fifth time credit toward his 20 months sentence for diligent participating And ~~babcra~~ progressing on his own toward A successful successful completion legal educational program As Required by subdivision (4)(B) And (6), Id., which makes his discharged to be November 20, 2015 And that he shall be released from confinement At the Travis State Jail facility, in Austin, Texas it is so order by this court.

Further, if Relator habeas corpus Application pursuant to Article 11.07 of the Vernon's Annotated Texas Code of Criminal Procedure filed in the Above trial court number 2014U502846 has been denied by this ~~court of criminal Appeals than Relator Ask the court~~ ~~to reconsider his third ground for relief~~ court of criminal Appeals or even if it hasn't been denied this court should construe this writ of mandamus As the second Amended petition to the original Article 11.07 Application or construe this mandamus writ As Relator second Article 11.07 Application since Relator is ~~ex~~ challenging the execution of sentence. See And compare Davis vs. fechtel, 150 f.3d 486 ~~~~ (5th cir 1998) citing Russell vs. Kni-

ght, 488 f.2d 96, 97 (5th Cir. 1973) Especially when this this resolution would automatically entitle Relator to accelerated release. See In re: Cain 137 f.3d 234 (5th cir 1998) (holding that a prisoner should seek redress for loss of good conduct credit through a habeas proceeding), cited from Davis, 150 f.3d 488 at ___. And ~~especially~~ the current claim should be accepted by this court pursuant to ~~Article~~ section (4)(a)(1) of Article 11.07, Id. when the current claims and issues have not been and could not have been presented in the original application under Article 11.07, Id., because the claim was unavailable on the date ~~the Relator~~ Relator filed the previous application in the month of April, 2015. And the current did not come into existing until after Respondent reviewed the report sent to her by the Texas Department of Criminal Justice in the month of October, 2015 30 day before the date on which Relator will have served 80 percent of his 20 months sentence in the month of ~~A~~ November, 2015 in compliance with subdivision (5) of Section 15(h), Id.

Further, Relator also ask this court to construe this writ of mandamus as one of an application under Article 11.01 Id. as well since he is unlawfully being restrain of his liberty by confinement ~~in~~ in violation of the 14th Amendment to the United States Constitution after his 20 months sentence expired in the ~~rasa~~ month of April or May, 2015 way before November 20, 2015 as alleged on page 3 at volume 19-29 ~~of this~~ and on page 4 at volume 13-15 of this writ because he is ~~en~~ entitled to be credit for the 10 to 11 months

he served at liberty on the streets of EL PASO County, Texas toward the discharged of his 20 months sentence of since he he was erroneous released from custody by the arresting officer on August 14, 2013, the date the crime was committed, without any fault on Relator part. See Ex Parte Downey, 471 S.W. 2d 576 (Cr. App. 1971). Substract the 11 months from the 20 months sentence Relator discharge date is the month of May, 2015 instead of March 8, 2016. And all of the above was brought to the attention of the trial court but the courts refuse to release Relator from custody. See Attached Sheet page 13 at the conclusion of his third ground for relief alleged in his original Article 11.07 habeas corpus Application Already before this court. Also see Relator - letter to trial judge Honorable Bonnie Rangel attached hereto. And Relator move this court to issue the writ pursuant to Article 11.01, Id. Ordering Relator release from custody After this court credit Relator for the 10 to 11 months he served at liberty toward the discharge of his 20 months sentence in compliance with its holding in Ex Parte Downey, 471 S.W. 2d 576 (Cr. App. 1971) as alleged above.

Wherefore promisses considered, Relator prays this court grant his writ of mandamus and other and further relief by which he is just and Rightful entitled to in equity.

Respectfully submitted

Jimmy Lee Sweed
Travis State Jail
8101 FM 969
Austin, Texas, 78724

Certificate of Service

I hereby certify that the original of Relator first petition for writ of mandamus was mail to the clerk of ~~court of C~~ the Court of Criminal Appeals of Texas, Supreme Court Bldg. 201 W. 14th St. 78701, P.O. Box 12308, Austin, Texas, 78711 And a true And correct copy of the same to Greg Abbott, Attorney General of Texas, P.O. Box 12548, 209 W. 14th St. Austin Texas, 78711 On this 7th day of December, 2013 by first class mail of the United States.

Jimmy Lee Sweed
Relator Pro Se

I, hereby swear under penalty of perjury that the allegations And exhibits are true And correct to the best of my knowledge

Jimmy Lee Sweed
Relator

December 7, 2015